UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )   Chapter 7
WILLIAM JOSEPH ROOT             )
JULIE ANN ROOT                  )   Bankruptcy No. 06-00090
                                )
        Debtors.                )

**ORDER RE: MOTION FOR RELIEF FROM STAY (DOC. #20)**

This matter came before the undersigned on March 31, 2006 pursuant to assignment. Creditor John Deere Credit was represented by Attorney Wesley Huisinga. Debtors William and Julie Root were represented by Attorney Jerrold Wanek. After hearing arguments of counsel, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**STATEMENT OF THE CASE**

John Deere Credit filed a motion for relief from the automatic stay to repossess and sell collateral farm equipment. At the hearing, it argued that the stay has terminated pursuant to § 362(h)(1)(A) because Debtors have failed to timely file their Statement of Intention regarding this collateral.

**FINDINGS OF FACT**

Debtors filed their Chapter 7 petition on February 22, 2006. In the Statement of Intention filed with their petition, Debtors do not address John Deere Credit's lien or the three items of collateral which are the subject of John Deere Credit's Motion for Relief from Stay. Debtors have not attempted to file an amended Statement of Intention.

John Deere Credit filed its Motion for Relief from the Stay on March 10, 2006. It seeks to assert its state law remedies against collateral equipment: JD Model 512 Ripper, JD Model 260 Skid Loader, and JD Model 920 Platform. Debtors filed a resistance to the Motion on March 17, 2006. They state they have separately filed a Motion to Avoid Lien regarding several junior lien holders. The objection asserts that if the junior liens are avoided, John Deere Credit's security interest is adequately protected by an equity cushion. Further, "[p]resuming that the Motion [to Avoid Lien] is granted, the Debtors would then be in a position to move forward with the contracts involving John Deere Credit." Objection to Motion for Relief from Stay (John Deere Credit), Doc. #24.

**STATUTES**

As Debtors filed their Chapter 7 petition after October 17, 2005, the amendments to the Bankruptcy Code enacted in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") apply.

**11 U.S.C. § 362(h)**

(h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) --

(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

(2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

11 U.S.C. § 362(h).

## 11 U.S.C. § 521(a)(2)

a) The debtor shall --

. . .

(2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate --

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);

11 U.S.C. § 521(a)(2).

## CONCLUSIONS OF LAW

Through the amendment to § 362(h), the BAPCPA added a new provision under which the automatic stay terminates with respect to personal property in cases involving individual debtors if the debtor does not file a timely statement of intention as to secured personalty and does not redeem or reaffirm in a timely manner. 11 U.S.C. § 362(h)(1)(A). Section 521(a)(2) states the time within which to file a statement of intention is 30 days after the petition date or before the meeting of creditors, whichever is earlier. 11 U.S.C. § 521(a)(2)(A). The statement of intention must indicate whether the debtor intends to surrender or retain property, and if retaining property, whether

3

the debtor will redeem the property or reaffirm the debt.  In re
Craker, 337 B.R. 549, 551 (Bankr. M.D.N.C. 2006).  If the debtor
fails to either timely file the statement of intention or
indicate one of the options set forth in § 362(h)(1), the
automatic stay terminates with regard to the property 30 days
after the petition date.  Id.

     In this case, Debtors filed a timely Statement of Intention
with their petition.  They failed, however, to address the
collateral subject to John Deere Credit's lien or to indicate
whether they intended to surrender or retain the property.
Pursuant to the foregoing, the automatic stay terminated with
regard to this collateral 30 days after the petition date, or on
March 24, 2006.

     Debtors argue that § 521(a)(2) applies only to "consumer"
debts, not to business or agricultural debt.  As John Deere
Credit asserts, this argument is misplaced.  The BAPCPA amended
§ 521(a)(2) to delete the word "consumer" as a modifier of
"debts" in the first clause of that section.  This means that the
debtor's duties concerning filing and complying with a statement
of intent for collateral apply to all individual Chapter 7
debtors, not merely those who have consumer debts.  Hon. William
Houston Brown et al, 2005 Bankruptcy Reform Legislation with
Analysis 2d § 7:27 (2006).

     Debtors' brief argues that the Court has the power under
Bankruptcy Rule 9006 to enlarge the 30-day time limit found in
§ 521(a)(2)(A).  The Court notes that Rule 9006(b)(2) allows for
enlargement of time for cause if the request for additional time
is made before the time expires.  If the request is made after
the time expires, the movant must prove the failure to act was
the result of excusable neglect.  In this case, Debtors did not
request an enlargement of time under § 521(a)(2)(A) prior to the
deadline.  Further, Debtors have failed to assert or prove that
their failure to file a statement of intention regarding John
Deere Credit's farm collateral was the result of excusable
neglect.

     Finally, Debtors appear to assert in their brief that their
other filings in the case can be construed as being reasonable
compliance with the provisions of § 521(a)(2).  On March 17,
2006, Debtor filed an Objection to John Deere Credit's Motion for
Relief from stay and a Motion to Avoid Lien.  These were both
filed within 30 days of the petition date.  A review of the
Motion to Avoid Lien shows Debtors do not address John Deere
Credit's lien on the property in any manner.

     In the Objection to the stay motion, Debtors indicate that
if the motion to avoid lien is granted, they "would then be in a
position to move forward with the contracts involving John Deere

Credit." This statement cannot be construed as compliance with the requirements of §§ 362(h)(1)(A) and 521(a)(2)(A). Those sections require a statement of Debtors' intention to retain or surrender property, and if retaining, whether the Debtors intend to redeem the property or reaffirm the debt. The Court also notes that the official form for a "Chapter 7 Individual Debtor's Statement of Intention" also requires a description of the secured property and Debtors' signatures. The Court believes that §§ 362(h)(1)(A) and 521(a)(2)(A) require nothing less than the official form to be timely filed. Other documents filed in the case cannot be accepted as substantial compliance with those requirements.

**CONCLUSIONS**

Pursuant to §§ 362(h) and 521(a)(2), the automatic stay terminated on March 24, 2006, 30 days after the petition date, as to the collateral which is the subject of John Deere Credit's Motion for Relief from Stay. Debtors are not entitled to an enlargement of time to file a Statement of Intention regarding this collateral under Rule 9006(b)(2). Debtors' other filings in this case do not constitute compliance with the requirement of a timely-file Statement of Intention.

**WHEREFORE**, John Deere Credit's Motion for Relief from Stay (Doc. #20) is GRANTED.

**FURTHER**, the automatic stay expired on March 24, 2006 as to the collateral which is the subject of the Motion.

DATED AND ENTERED:

April 11, 2006

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE